UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PHYLLICE HARBIN                                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 2:15CV110 DPJ-FKB

MICHELLE DANIELS                                                                              DEFENDANT

ORDER

This employment-discrimination suit is before the Court on motion of Defendant Michelle Daniels to dismiss [11] pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Plaintiff Phyllice Harbin, proceeding pro se, has responded in opposition [17] and filed a motion to amend her Complaint [19]. The Court, having considered the submissions of the parties, finds that Defendant's motion [11] should be granted and Plaintiff's motion to amend [19] should be decided by the magistrate judge.

I.      Facts and Procedural History

Phyllice Harbin filed this suit "against [her] former employer for wrongful termination based on racial discrimination . . . ." Am. Compl. [2] at 1. She claims Pine Belt Mental Healthcare Resources ("PBMHR") ended her employment after she committed a HIPAA violation, but did not fire a white co-worker who also violated HIPAA. Harbin named "Michelle Daniels, Human Resources Director Pine Belt Mental Health Care Resources" as the sole defendant. *Id.* As relief, Harbin seeks $70,000. *Id.* at 2. Daniels moved to dismiss for insufficient service of procedure under Rule 12(b)(5) and for failure to state a claim under Rule 12(b)(6).

II.     Analysis

Harbin is proceeding pro se, so her pleadings are given a liberal construction. And as noted above, her sole defendant is Daniels. It is not entirely clear whether she also intended to sue Daniels in her representative capacity, which would be considered a suit "against the governmental entity [PBMHR]." *See Goodman v. Harris Cty.*, 571 F.3d 388, 396 (5th Cir. 2009). She states in her Amended Complaint, "I have a complaint against my former employer for wrongful termination." Am. Compl. [2] at 1. For now, Daniels moves to dismiss the individual-capacity claims, and Harbin's response indicates that such claims do exist. Am. Resp. [17] ¶ 1. So the Court will focus on the individual claims in this order.

A.      Service of Process

Rule 4(e) provides that an individual within the judicial district may be served: (1) in accordance with state law; (2) by delivering a copy of the summons and complaint personally to the defendant; (3) by leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) by delivering a copy of the summons and complaint to someone who is authorized by law or appointment to receive process for the defendant. To effect service of an individual under state law, the plaintiff must serve the defendant either personally or by leaving a copy of the process at the individual's residence with a person of suitable age. Miss. R. Civ. P. 4(d)(1).

Daniels contends that service is defective and therefore seeks dismissal without prejudice. The process server dropped off a copy of the complaint (but not the summons) with a receptionist at PBMHR, 4100 Mamie Street, Hattiesburg, Mississippi—Daniels's place of employment, not her residence. Daniels Aff. [11-7] at 2. Daniels points out that the receptionist

is not an agent to receive process for Daniels. *Id.* That same day, the process server dropped off an envelope containing the summons (but not the complaint) at another PBMHR office at 103 South 19th Avenue, Hattiesburg, Mississippi. *Id.*

The Court agrees that service was defective. Harbin did not serve Daniels personally, she did not serve her authorized agent, she did not serve her—or someone of suitable age—at her residence, and she arguably did not serve the summons together with a copy of the Amended Complaint. Her Amended Complaint is therefore due to be dismissed without prejudice pursuant to Rule 12(b)(5).[1]

B. Failure to State a Claim

Daniels alternatively seeks dismissal for failure to state a claim. Individuals are not subject to liability under Title VII. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities.") (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002)). So Harbin's Title VII claim against Daniels in her individual capacity must be dismissed with prejudice.

And to the extent Harbin asserts any state-law claims, she has not alleged in her Amended Complaint that Daniels acted outside the course and scope of her employment, as is required to hold an individual employee of the state personally liable. *See* Miss. Code Ann. § 11-46-7; *see also City of Hattiesburg v. Region XII Comm'n on Mental Health & Retardation*,

---

[1] In certain instances, a plaintiff is given an opportunity to properly effect service. *See Hampton v. McMillin*, No. 3:09CV406-HTW-LRA, 2010 WL 3167885, at *1 (S.D. Miss. July 6, 2010) (dismissing complaint without prejudice for failure to properly serve, but noting that the plaintiff could file an appropriate motion if sufficient information is obtained to effect proper service on the dismissed defendant). Because dismissal is also warranted for failure to state a claim under Rule 12(b)(6), the Court declines to employ that approach.

654 So. 2d 516, 517 (Miss. 1995) (noting that it is "clear" that the Region XII Commission on Mental Health and Retardation is a subdivision of the state); Daniels Aff. [11-7] at 1 (stating that she serves as Director of Human Resources for Region XII Commission on Mental Heath and Mental Retardation d/b/a PBMHR).  The Court agrees and finds dismissal for failure to state a claim under Rule 12(b)(6) is likewise appropriate as to Plaintiff's state-law claims against Daniels in her individual capacity.

C.      Motion to Amend

After responding to the motion to dismiss, Harbin filed a motion to amend [19] her Amended Complaint and attached a proposed amended complaint which again names Daniels as the sole defendant.  Though Harbin's current complaint "fail[s] to meet the specific pleading requirements [, that] should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted).  "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."  *Id.*

It is not apparent whether Harbin pleaded her best case, making it improper to permanently close the courthouse doors on her claims.  Accordingly, the undersigned defers to Magistrate Judge F. Keith Ball to consider Plaintiff's motion to amend and the deficiencies in her complaint, with the benefit of the parties' representations at the telephonic case management conference set for July 8, 2016.

III.	Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the outcome.  For the reasons described above, Defendant's motion to dismiss [11] is granted; Plaintiff's Title VII claims against Daniels are dismissed with prejudice, and her state-law claims against Daniels in her individual capacity are dismissed without prejudice.  Plaintiff's motion to amend [19] will be decided by Magistrate Judge F. Keith Ball.

While Defendant Daniels is terminated, her counsel is instructed to participate in the July 8, 2016 telephonic case management conference, along with Plaintiff.

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2016.

                                              s/ *Daniel P. Jordan III*  
                                              UNITED STATES DISTRICT JUDGE